Margaret Saadi KRAMER, an individual; Muscle Tone, Inc., a California corporation, Plaintiffs–Appellants,

Wayne Kramer, an individual, Plaintiff–counter–defendant– Appellant,

v.

FROM THE HEART PRODUCTIONS, INC., a California corporation Carole Lee Dean, an individual, Defendants– Appellees,

David Thomas, an individual; Laurel Legler, an individual Future/Now Films, LLC, an Illinois corporation; Zenta, LLC an Illinois limited liability company, Defendants–counter– claimants–Appellees.

Wayne Kramer, an individual; Margaret Saadi Kramer, an individual; Muscle Tone, Inc., a California corporation, Plaintiffs–Appellees,

v.

David Thomas, an individual; Laurel Legler, an individual Future/Now Films, LLC, an Illinois corporation; Zenta, LLC an Illinois limited liability company, Defendants–Appellants,

and

From the Heart Productions, Inc., a California corporation Carole Lee Dean, an individual, Defendants.

Nos. 07–55577, 07–56066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 19, 2008.

Stephen W. Tropp, Esquire, Los Angeles, CA, for Plaintiff-Appellant/ Plaintiff-Counter-Defendant-Appellant.

Vincent Cox, Esquire, Leopold Petrich & Smith, PC, Los Angeles, CA, for Defendant-Appellee/Defendant-Counter-Claimant-Appellee.

Before: FERNANDEZ, CALLAHAN and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court did not abuse its discretion in concluding that the Kramers are estopped from asserting any copyright related claim against Thomas and Legler. *See Granite State Ins. Co. v. Smart Modular Tech., Inc.,* 76 F.3d 1023, 1029–30 (9th Cir.1996). The record establishes the following: First, the Kramers knew Thomas and Legler were going to do the acts the Kramers later claimed were infringing. Specifically, the Kramers and War-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ner/Chappell encouraged Thomas and Legler to make the film, knew that Thomas and Legler planned to distribute the film, and promised to negotiate a permanent synchronization license for all 15 compositions used in the film. In sum, the Kramers knew the facts and intended their conduct to be acted on with respect to the use of all 15 compositions that are the subject of their claims. Second, Thomas and Legler spent years investing time and money into making the film, and were ignorant of the fact that Warner/Chappell had agreed with the Kramers not to issue a permanent synchronization license to Thomas and Legler. Third, Thomas and Legler justifiably relied on the Kramers' representations to their detriment, in that they were never able to obtain the synchronization license after being offered distribution deals. These facts are sufficient to establish an estoppel defense. *See United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir.1988) (citing *Bob's Big Boy Family Rests. v. N.L.R.B.*, 625 F.2d 850, 854 (9th Cir.1980)).

■ We may affirm the district court on any basis supported by the record. *See Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir.2005). Although the bench trial in this case adjudicated only one of the Kramers' 15 copyright claims, the district court's determination that the Kramers are estopped from bringing any copyright claims against Thomas and Legler is equally applicable to all 15 claims. The Kramers argue that a bench trial adjudicating all 15 copyright claims might have had a different outcome than the bench trial here. According to the Kramers, the district court might have weighed the equities between the Kramers and the defendants differently if it had not granted the defendants summary adjudication as to 14 of the claims. However, the Kramers have not specified what evidence or arguments they would have adduced at a bench trial of all 15 claims that might have affected the court's analysis of the defendants' equitable estoppel defense. Accordingly, we affirm the district court's judgment as to all 15 compositions based on Thomas's and Legler's estoppel defense. We therefore need not reach the Kramers' arguments that Smith's and Derminer's heirs did not receive a reversion of full renewal rights, or that the retroactive license that was granted is invalid.

■ In refusing to award attorneys' fees to defendants, the district court stated that "an award of attorney fees in this case would [not] significantly further the purposes of the Copyright Act." We have held that this characterization of the test for attorneys' fees is an error that requires reversal. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815–16 (9th Cir.2003). "Under the Copyright Act, the question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Id.* at 816 (emphasis in original). Therefore, we vacate the district court's denial of attorneys' fees and remand for reconsideration of whether attorneys' fees are warranted under 17 U.S.C. § 505. Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED and REMANDED in part.**